IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA PEAK RESOURCES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-0141-K |
| | § | |
| BLUE STAR HELIUM LIMITED f/k/a | § | |
| BIG STAR ENERGY LIMITED, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Blanca Peak Resources, LLC's Amended Motion for Entry of Preliminary Injunction (Doc. No. 29). After careful consideration of the motion and brief (the "motion"), the response, and the reply, the Court **DENIES** the motion for the following reasons. Also before the Court is Defendant's Motion for Leave to File Surreply in Opposition to Plaintiff's Amended Motion for Entry of Preliminary Injunction (Doc. No. 51). Because the Court finds other reasons require the Court deny Plaintiff's Amended Motion for Entry of Preliminary Injunction, the Court **denies as moot** Defendant's Motion for Leave.

To obtain a preliminary injunction, the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) that

1

a preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "The decision to grant or deny a preliminary injunction is discretionary with the district court." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Because a preliminary injunction is an extraordinary remedy, it should not be granted unless the movant has "'clearly carried the burden of persuasion' on all four requirements." *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003)). Failure to sufficiently establish any one of the four elements requires this Court to deny the movant's request for a preliminary injunction. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

To satisfy the first required element, Plaintiff must establish that there is a substantial likelihood that it will succeed on the merits of at least one of its three claims. *See Clark*, 812 F.2d at 993; *see Ramada Franchise Sys., Inc. v. Jacobcart, Inc.*, Civ. No. 3:01-CV-306-D, 2001 WL 540213, at *1 (N.D. Tex. May 17, 2001)(Fitzwater, J.) (court need only consider whether movant has a likelihood of success on the merits of one of its claims). Courts "look to 'standards provided by the substantive law'" to determine likelihood of success on the merits. *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011)

(quoting *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).  Plaintiff must present a "prima facie case" to satisfy this first required element.  *See id.*

In support of a likelihood of success on the merits, Plaintiff submitted <u>a single sentence paragraph</u>:

> Plaintiff has demonstrated a substantial likelihood of success on the merits, as Defendant would not have known about the sites it subsequently purchased/leased/advertised without use of Plaintiff's trade secrets and which is clearly forbidden by the attached Confidentiality Agreement).

This one conclusory statement in no way begins to satisfy Plaintiff's burden of presenting a prima facie case to establish a likelihood of success on the merits.  *See id.*  In its Original Petition (Doc. No. 1-3), Plaintiff asserts three claims against Defendant—trade secret misappropriation, violation of the Texas Theft Liability Act, and breach of contract.  Plaintiff fails to list the substantive elements of any of its three claims and fails to specifically identify evidence or proof in support of those substantive elements.  *See Janvey*, 647 F.3d at 598-99.  Plaintiff fails to present a "prima facie case" on the likelihood of success on the merits of any of its three claims.

In its reply, Plaintiff contends that "this is not a motion for summary judgment and Plaintiff is not tasked with proving his [sic] claims."  Plaintiff then cites two out-of-circuit cases in support of its argument that it "does not need to prove that it will ultimately prevail."  Plaintiff is correct that it need not prove with certainty it will prevail on its claims in order to establish a likelihood of success on the merits.  The Fifth Circuit, which is controlling law for this Court, has held that the movant "is not

3

required to prove [his] entitlement to summary judgment" for purposes of preliminary injunction on this factor. *Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009); *see also Janvey*, 647 F.3d at 595-96 (5th Cir. 2011). Plaintiff is required, however, to prove it is likely to succeed in its prima facie case on at least one of its claims. *See Janvey*, 647 F.3d at 599 (movant provided sufficient evidence and proof of each element of one of his claims to establish a substantial likelihood of success on the merits of that claim). Plaintiff has not even addressed the elements of any of its three claims in an attempt to show a likelihood of success on the merits and certainly has not provided evidence or proof in support of these claim elements. Plaintiff did not carry its burden of presenting a "prima facie case" on its likelihood of success on the merits; therefore, Plaintiff does not establish its entitlement to a preliminary injunction.

Because Plaintiff wholly failed to satisfy the first required element and thereby carry its burden, the Court **DENIES** Plaintiff's motion for preliminary injunction. *See Enter. Int'l*, 762 F.2d at 472 (failure to sufficiently establish any of the four elements requires the court to deny the movant's request for a preliminary injunction.).

**SO ORDERED.**

Signed October 28th, 2020.

*[signature: Ed Kinkeade]*
ED KINKEADE
UNITED STATES DISTRICT JUDGE